STATE EX REL. SLUSSER *v.* KAUL, JUDGE OF LAKE CIRCUIT COURT ET AL.

[No. 29,972. Filed November 2, 1960.]

*Merritt D. Metz,* of Lowell, for relator.

*Felix A. Kaul, pro se.*

JACKSON, C. J.—Relator herein sought a Writ of Prohibition restraining the respondent judge "from

making up issues, making and issuing orders, issuing writs, setting the case for trial, hearing and/or conducting a trial, entering any judgment or doing an act or acts of any knd or character whatsoever from this time forward until the further order of this court. . . ." A temporary writ, in the alternative, was issued on June 17, 1960.

It appears from the pleadings herein that on June 8, 1960, relator filed his motion and affidavit for a change of venue from Lake County in cause No. C60-563 entitled Alvin C. Lubker v. Kenneth Slusser, such motion was granted and relator struck Newton County and paid the costs of said change of venue; thereafter on June 10, 1960, plaintiff Lubker filed a motion to vacate said change of venue, hearing was had on the motion on June 15, 1960, resulting in the vacation of the order granting the change of venue. On June 17, 1960, the aforesaid writ was issued and the same was served on the respondent Judge on June 18, 1960. Thereafter on June 30, 1960, and within the same term of court, plaintiff Lubker moved the court to vacate the order of June 15, 1960, and reinstate the order of June 8, 1960, and consenting to the change of venue; respondent granted the motion, the plaintiff thereupon struck Porter County, and the cause was ordered venued to Jasper County.

It appearing that the relief sought originally in the respondent court has been obtained, the questions raised here in the original action are moot.

Therefore, the alternative writ of prohibition heretofore issued is dissolved, and a permanent writ of prohibition is denied.

Bobbitt, Landis, Arterburn and Achor, JJ., concur.

Note.—Reported in 169 N. E. 2d 725.